## Reese v. Reese.

*Harold G. Ripple,* for libellant and rule.

GROFF, J., April 13, 1929.—When this case was presented to the court for the approval of the master's report, the court disallowed the divorce and placed thereon this endorsement: "And now, June 18, 1928, this application for divorce is refused and dismissed. The libellant is a minor, and cannot sue in her own name under the circumstances presented."

A rule was then granted to show cause why the divorce should not be granted, and that rule is before us for disposition. The depositions show that Emma E. Reese, the libellant, is eighteen years of age. She was, therefore, a minor at the time she filed the libel, and the question arises, can she sue for this divorce without joining a guardian or next friend?

Her counsel relies entirely upon the Act of June 11, 1879, § 2, P. L. 126, and contends that that act of assembly entitles her to sue for a divorce without joining a guardian or next friend. An examination of the title of the act shows that its purpose is as follows: "An act relative to actions brought by husband and wife, or by the wife alone, for her separate property in cases of desertion."

Section 1 of the act has been repealed. Section 2 of the act reads as follows: "That in all cases where a wife has been deserted, abandoned or driven from her home by her husband, it shall be lawful for her to bring suit in any

of the courts of this Commonwealth against her husband or any other person or persons without the assistance or intervention of a trustee or next friend, or may assign, transfer or endorse over to any person or persons any mortgage, bond, judgment, promissory note or other evidence of indebtedness against her husband or any other person, in same manner and with like effect as if she were sole and unmarried, shall also be entitled to the privileges and be liable for costs as other plaintiffs."

There is nothing in this section that will enable her to sue her husband for a divorce, and we cannot reach that conclusion by any stretch of the imagination. In fact, the title of the act confines actions brought by a minor wife, in case of desertion, to those for the recovery of her separate property.

We, therefore, refuse the divorce for the reason that libellant, being a minor, could not sue to obtain the same in her own name.

In this we are supported by Bruder *v.* Bruder, 9 D. & C. 80, where Reno, P. J., says, and we think rightfully: "The master recommends a divorce, holding that the Act of June 11, 1879, P. L. 126, empowers a married woman to institute suit against her husband without the intervention of a trustee or next friend. But our master failed to discern that a married woman minor is under two disabilities, *i. e.,* infancy and coverture. The Act of 1879 removed the disability of coverture, but not that of infancy." See, also, Coven *v.* Coven, 6 D. & C. 794.

For the reasons stated, the divorce is refused.

From George Ross Eshleman, Lancaster, Pa.